978 F.2d 744
 298 U.S.App.D.C. 247, 15 O.S.H. Cas. (BNA) 1953,
1992 O.S.H.D. (CCH) P 29,886
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
ARCHER-WESTERN CONTRACTORS, LTD. and Gilbert Corporation of
Delaware, a Joint Venture, Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and U.S.
Department of Labor, Respondents.
 No. 91-1311.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 26, 1992.
 
 Before MIKVA, Chief Judge, and WALD and HARRY T. EDWARDS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 The Joint Venture of Archer-Western Contractors, Ltd. and Gilbert Corporation of Delaware, petition for review of the Occupational Safety and Health Review Commission's decision and order affirming the Administrative Law Judge's finding of a willful violation of 29 C.F.R. § 1926.550(a)(1). Petitioner principally attacks the adequacy of the evidence to support the Commission's findings of fact. We note that the Commission's findings are conclusive when supported by substantial evidence on the record considered as a whole. Donovan v. Williams Enters. Inc., 744 F.2d 170, 177 (D.C.Cir.1984). The Commission's legal conclusions may be set aside only if they are arbitrary, capricious, or not in accordance with law, and an agency's credibility determinations must also be accepted unless "patently unsupportable." See 5 U.S.C. § 706(2)(A); NLRB v. Creative Food Design Ltd., 852 F.2d 1295, 1297 (D.C.Cir.1988).
 
 
 3
 Affording the Commission its proper deference, we conclude that the Commission's findings were supported by substantial evidence on the record as a whole. Section 550(a)(1) prohibits the operation of a crane in violation of the manufacturer's specifications for crane capacity. All of the witnesses who testified on the issue agreed that the crane's capacity was less than 14,000 pounds while the load was between 15,000 and 20,000 pounds. Although the crane charts introduced as evidence referred to a slightly different type of crane than the one at issue here, the Commission reasonably relied on the ability of the witnesses--experienced crane operators--to make estimates from the chart.
 
 
 4
 In addition, the Commission's determination that the violation was "willful" was not arbitrary or capricious. The Commission properly concluded that the Joint Venture failed to make out an "unpreventable employee misconduct defense" since the testimony credited by the Commission indicated that the regulation still would have been violated absent the employee misconduct. We also find noteworthy the failure of the Joint Venture to rebut the testimony credited by the Commission. Apparently, the Joint Venture was unable to produce any evidence that the rerigged crane would have been able to make the lift. It is therefore
 
 
 5
 ORDERED that the petition for review is denied.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).